Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 42 | **DATE** | 12/18/2001 |
| **CASE TITLE** | DR. ARTURO I. LEMA, M.D. vs. TOWN OF CICERO, ILLINOIS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/9/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motions to dismiss [15,18] are denied. Defendant Maltese's motion for an extension of time to answer or otherwise plead [7-1] is stricken as moot. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 19 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | IS docketing deputy initials | 28 |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. ARTURO I. LEMA, M.D. and )
PINNACLE )
BANK, as Trustee under Trust Number )
11126 dated June 15, 1995, )
 )
    Plaintiffs, )
      v. )
 )
TOWN OF CICERO, ILLINOIS, a municipal )
Corporation, and BETTY LOREN-MALTESE )
 )
    Defendants. )

No. 01C0042

Judge Ronald Guzman

DOCKETED
DEC 19 2001

## MEMORANDUM OPINION AND ORDER

Pending are Defendants Town of Cicero and Betty Loren-Maltese's motions to dismiss Plaintiffs Dr. Arturo Lema and Pinnacle Bank's complaint pursuant to Fed. R. Civ. P.12. For the reasons set forth below, these motions are denied.

## BACKGROUND FACTS[1]

Plaintiffs Arturo Lema and Pinnacle Bank ("Plaintiffs" or "Lema")[2] bring this cause of action pursuant to 42 U.S.C. § 1983 ("§ 1983"), Article I, Section 2 of the Illinois Constitution, and 735 ILCS 5/7-101. Plaintiffs seeks to recover both actual and punitive damages from Defendants for their allegedly arbitrary and capricious interpretation of Section 7B of the Town of Cicero's Zoning Ordinance ("ordinance"). Section 7B of the ordinance governs off-street loading and off-street parking. Plaintiffs allege that the actions of Maltese and the Town of Cicero are the direct and proximate cause of his injuries, and have the purpose and effect of denying him equal protection under the law.

---

[1] The following facts are taken from plaintiff Arturo Lema's first amended complaint.



1

Pinnacle Bank, pursuant to a trust, became the owner of the commercial building at issue on or about June 15, 1995. Lema, a medical doctor, is the sole beneficiary of this trust. Lema's use of the building has, at all material times, been consistent with the zoning district within which it is located. The building is located in an area zoned for commercial use. For a period spanning more than 30 years, the first floor of the building has continuously been used for commercial purposes, including medical clinics and/or as offices for financial service providers. In addition, the second floor of the building has been continually been rented as residential apartments during the same period of 30 years or more. This use is consistent with the uses allowed in its particular zoning district.

The Town enacted its current zoning ordinance on or about February 7, 1977. Section 2B(1) provides as follows:

> "All buildings erected hereafter, all uses of land or buildings established hereafter all structural alteration or relocation of existing buildings occurring hereafter, and all enlargements of or additions to existing uses occurring hereafter shall be subject to all regulations of this Ordinance which are applicable to the zoning districts in which such buildings, uses or land shall be located."

Then, on November 9, 1999, the Town amended Section 7B of this ordinance to provide as follows:

> "In connection with any building or structure which is to be erected or substantially altered, and which requires off-street parking spaces, there shall be provided such off-street parking space in accordance with the regulations set forth hereinafter. For the purposes of this Section, 'substantially altered' shall mean one or more of the following:
>
> a.  a change in the use of the building or structure;
> b.  converting a building or structure into a "conversion condominium" as defined in the Condominium Property Act, 765 ILCS 605/1 et seq;
> c.  any change extending the useful life of a building or structure;
> d.  any remodeling or renovation of existing buildings or structures which increases the value of the building or structure by 5% of its pre-construction equalized accessed valuation as determined by the Cook County Assessor; or opening or reopening a business in any building or structure, or portion of a building or structure which has been vacant for one year or more."

Sometime prior to January 3, 2000, Lema applied for a business license so that he could use the entire first floor of the building for his medical clinic. On January 3, 2000, the Town denied this application. The Town's stated reason for this rejection was section 7(a)'s "no parking-change in use." Furthermore, Defendants would not allow Lema to re-rent the residential apartments in the building as they become vacant. Again, the stated reason for this decision was insufficient off-street parking as required by Section 7B of the ordinance. Subsequently, the Town passed a resolution confirming the finding of the Zoning Board of Appeals, that the building at issue lacks sufficient parking to comply with the applicable parking ordinance. This resolution confirmed that the finding was a final administrative decision, subject to judicial review.

Lema's clinic at the building provides medical services primarily to Hispanic Americans. He has been an active member of the Town's Hispanic American community at all times relevant to this case. In this role, he has worked to promote Defendant Maltese's political opponents. Maltese is a resident of the Town, and is also the President of the Board of the Town of Cicero. In this role, Ms. Maltese controlled the Town and its building department. Lema alleges that he has been targeted for adverse treatment by Maltese and the Town, including its building department, because of his political affiliation and his activities in opposition to Maltese. He contends that the entire first floor of the building had been used for the same legal use as that which he sought. The uses, Lema alleges, have not changed in the 30 years prior to his application for a business license. The reasons offered by the Town for denying his application were, therefore, pretextual. Lema further states that the building has not been "substantially altered," as that term is used in the ordinance, as the second floor has served as residential apartments for over 30 years. In early 2001, Defendants allegedly permitted Access Community Health Network to open and operate a medical clinic at 5817 West Cermak Road, Cicero, Illinois without providing any off-street parking.

Lema contends that defendants' denial of his business license and permission to re-rent the apartments in the building effectively condemns the building. He further alleges that he has exhausted any and all administrative remedies or appeals before the Town of Cicero. In the alternative, he alleges that any further administrative proceedings would be futile. Lema also contends that defendants' conduct in this matter has been arbitrary and capricious, and has had the intended effect of denying him contractual opportunities. Finally, he alleges that he does not have an adequate remedy at law and that he will continue to be irreparably injured by these actions.

With regard to Count I, violation of 42 U.S.C. § 1983, Lema specifically alleges that defendants' arbitrary and capricious refusal to issue him a business license and its refusal to allow him to re-rent the apartments in the building are actions taken under color of law, with no compelling state interest. This, he alleges, violates the Equal Protection Clause of the United States Constitution and provides him with a cause of action under § 1983.

With regard to Count II, violation of the Illinois Takings Clause, Lema specifically alleges that his proposed use of the building does not create a need for additional off-street parking that is specifically and uniquely attributable to his conduct. He contends that defendants' actions were taken under color of law and effectuate a taking (without just compensation) of his property in order to provide parking for the Town. Lema further contends that defendants' arbitrary refusal to issue a business license and to permit continued rental of the apartments in the building unless he provides an additional 1 ½ parking spaces per condominium unit sold denies him of his rights under Article 1, § 2 of the Illinois Constitution. Finally, he argues that defendants' disparate treatment in denying his business license and right to continued rental of the apartments in the building were taken under color of law and denies him equal protection.

4

Finally, with regard to Count III, Inverse Condemnation, Lema specifically alleges that defendants' have deprived him of any use of his property without instituting condemnation proceedings or providing just compensation. This is because their refusal to issue certificates of compliance and real estate transfer stamps without the additional parking, which are necessary to close the sale of his units, is arbitrary and capricious. Furthermore, according to Lema, defendants' have declined to allow the building to be occupied for any purpose unless the additional parking spaces are provided. This, he argues, deprives him of the total value of his property in violation of Art. I, § 2 of the Illinois Constitution.

Lema seeks an award of actual damages against plaintiffs and an award of punitive damages and reasonable attorneys' fees and costs against Maltese to punish her for her intentionally discriminatory behavior. Lema additionally seeks an injunction ordering that the Town refrain from interfering with his ability to use or rent the commercial and residential spaces in the building and that the Town refrain from requiring additional parking. Finally, Lema seeks a declaration that the building has not been "substantially altered." He demands a jury trial pursuant to 735 ILCS 5/7-101.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to prejudge the merits of the claim. *Gibson v. City of Chicago,* 910 F. 2d 1510, 1520 (7th Cir. 1990). Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Strasburger v. Board of Education,* 143 F. 3d 351, 359 (7th Cir. 1981). In ruling on such motions, Rule 12(b)(6) requires courts to "accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." *Yeksigian v. Nappi,* 900 F.2d 101, 102 (7th Cir. 1990). Therefore, motions to dismiss are granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief."

5

*Love v. Sheahan*, No. 99-C-1243, 2001 WL 315228, *3 (N.D. Ill. Mar. 30, 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## PLAINTIFFS' COMPLAINT IS NOT AUTOMATICALLY BARRED BY THE MT. HEALTHY DOCTRINE

Defendants' first argument puts forth that Plaintiffs' complaint is barred by the *Mt. Healthy* doctrine. Defendants claim it was the Zoning Board and the Board of Trustees that were empowered to vote on the Plaintiffs' request for zoning relief and as a matter of law the Town President had no role in the denial of Plaintiff's zoning request and there is no indication that the Zoning Board was aware of Lema's politics or his opposition to Defendant Maltese.

In order to establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must demonstrate that "(1) his conduct was constitutionally protected and (2) his conduct was a 'substantial factor' or 'motivating factor' in the defendant's challenged actions." *Thomsen v. Romeis*, 198 F. 3d 1022, 1027 (7th Cir. 2000). The plaintiff cannot prevail on the second prong unless he establishes that the defendant would not have taken the challenged actions "but for" the constitutionally protected speech. *Id.* The bar of the Eleventh Amendment to suit in federal courts extends to states and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations. *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 279, 97 S. Ct. 568, 572 (1977).

Obviously Defendants are not state officials and Lema has alleged that his conduct was constitutionally protected and such conduct was a motivating factor in the challenged actions. Thus, Defendants' first argument fails as a matter of law.

## COUNTS II AND III: COULD OR COULD NOT BE BARRED BY THE LOCAL GOVERNMENTAL AND GOVERNMENTAL EMPLOYEES TORT IMMUNITY ACT

The Local Governmental and Local Governmental Tort Immunity Act ("Act") entitles local governmental employees to immunity from tort liability for the manner in which they exercise their discretionary powers. 745 ILCS § 10/1-101 *et seq*. Section 2-201, in particular, provides that public employees serving in a position which involve the determination of policy and the exercise of discretion are not liable for any injuries that result from their acts or omissions in this role, even where they abuse their discretion. The activities of the Zoning Board could or could not fall under this section. Plaintiff has alleged in paragraph 18 of his complaint "as a consequence of his political affiliation and his activities in active opposition to Ms. Maltese, Dr. Lema has been targeted for adverse treatment by the Town of Cicero." For immunity to attach, "the act or omission must be both a determination of policy and an exercise of discretion." *Harinek v. 161 N. Clark St. Ltd. Partnership*, 181 Ill. 2d 335, 230 Ill. Dec. 11, 692 N.E.2d 1177, 1181 (1998). Dr. Lema's allegations raise an issue of fact as to the motive behind Cicero's decision making and if Lema's allegations prove to be true adverse and or retaliatory treatment could be the motive behind the denial of Dr. Lema's business licence rather than zoning policy making. Accordingly, the Town of Cicero's motion to dismiss is denied as to Counts II and III.

### COUNT I: THE § 1983 CLAIM SURVIVES
### THE MOTION TO DISMISS

Defendant Cicero outlines a number of theories under which it contends that Lema's claim under § 1983 must be dismissed. However, as this Court has noted, "[d]ismissal of a § 1983 suit under Rule 12(b)(6) is a delicate matter that district courts should approach carefully." *Manos v. Caira*, No. 00-C-497, 2001 WL 321071, *11 (N.D. Ill. Mar. 30, 2001) (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000)). The Seventh Circuit recently reaffirmed its understanding of *Leatherman*, holding that such "boilerplate" allegations are sufficient. *McCormick v. City of Chicago*, 230 F. 3d 319, 324-25 (7th Cir. 2000).

7

Defendants first argue that Plaintiff's section 1983 claim must fail for insufficiency of the pleadings. Under § 1983, a plaintiff must show that: (1) an action has been taken under color of state law (which includes local ordinances); and (2) a resulting deprivation of a right that is protected by the Constitution. *See Manos*, 2001 WL 321071 at 4. Here, the first prong is clearly met. With regard to the second prong, Lema alleges that the action taken by the Town of Cicero violated the Equal Protection Clause. Under the current state of the law, "[w]here unequal treatment is solely motivated by vindictiveness, 'such conduct, so motivated, violates the equal protection clause.'" *Manos*, 2001 WL 321071 at 10 (quoting *Esmail v. Macrane*, 53 F.3d 176, 179 (7th Cir. 1995)). In fact, this Court has noted that in order to prevail on such a claim, a plaintiff must prove that "the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective." *Id.* Lema, by alleging that he was targeted for adverse treatment based on his political opposition to Maltese as well as his allegation that the Town of Cicero's decision was arbitrary, clearly meets this second prong under the liberal notice pleadings standard.[3]

Although defendants argue that Lema is using the Equal Protection Clause as a way to transform an ordinary zoning dispute into a constitutional claim, the United States Supreme Court ("Supreme Court") has recognized that in situations such as this, were the plaintiff alleges "vindictive action," "illegitimate animus," or "ill will," "the presence of that added factor . . . is sufficient to minimize any concern about transforming run-of-the-mill zoning cases into cases of constitutional right." *Village of Willowbrook v. Olech*, 528 U.S. 562, 555-56 (2000).

Defendants also contend that Lema's complaint is moot, pointing to the fact that Section 7B of the ordinance was amended after its decision but before Lema filed suit. This Court fails to see

---

[3] The Constitution protects both political association and political expression. *See Buckley v. Valeo*, 424 U.S. 1 (1976).

8

the relevance of this amendment given the fact that Section 7B(a), the specific portion of the ordinance cited by the Town of Cicero to justify its action, was not affected by the amendment.[4] Had Lema re-submitted his application after the amendment was enacted, the outcome presumably would have been the same.

Defendants further allege that Lema has failed to exhaust administrative remedies requiring the dismissal of this claim. However, the Supreme Court has made it clear that dismissal of § 1983 claims is not required where the plaintiff has not exhausted his or her state administrative remedies. *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 500 (1982). This, the Court notes, is because Congress has assigned the federal courts the paramount role of protecting constitutional rights. *Id.* This is something the Illinois courts clearly recognize. *See Stykel v. City of Freeport*, 318 Ill.App.3d 839, 915, 742 N.E.2d 906, 915 (2nd Dist. 2001).

The defendants also assert that this claim must fail because Lema has adequate state law remedies. As previously established, plaintiff has alleged a violation of the Equal Protection Clause giving rise to a cognizable § 1983 action. As such, the availability of state tort remedies is not fatal to this claim. *See McCray v. Hermen*, No. 99-C-1495, 2000 WL 684197, *2 (N.D. Ill. May 23, 2000); *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984), cert. denied, 469 U.S. 1212 (1985). This cannot be considered a garden variety zoning dispute in light of the allegations in Plaintiffs' amended complaint.

Finally, defendants attempt to dispose of this claim on the grounds of res judicata. Defendants contend that the Zoning Board is a "quasi" judicial body which has rendered a decision in this matter. They argue that the reasons for applying res judicata to this type of decision are the same as for decisions of courts. However, in Illinois, a zoning board recommendation to a town or village board

---

[4] Section 7B(e) is the only part of the provision that was amended, and the Town did not cite it as its reason for denying Lema's application.

is not a final order subject to administrative review under the Administrative Review Law. *See Constantine v. Village of Glen Ellyn*, 217 Ill.App.3d 4, 14, 575 N.E.2d 1363, 1370 (2nd Dist. 1991). In other words, "when acting as a legislative committee, [the decision of the zoning board of appeals] is nonfinal and unreviewable." *Heerey v. City of Des Plaines*, 225 Ill.App.3d 203, 211, 587 N.E.2d 1119, 1123-24 (1st Dist. 1992); *see also Flowers v. The Village of Indian Creek*, 22 Ill.App.3d 6 (2nd Dist. 1974). This is exactly what happened in the case at bar. Under the Town's zoning ordinance, decisions of the Zoning Board of Appeals are first subject to Town Board review. As alleged in Lema's complaint, The Town of Cicero passed a resolution confirming the findings of its Zoning Board of Appeals. For this reason, Lema's complaint does not fail on this ground. Finally, for purposes of this motion to dismiss, it cannot be concluded as a matter of law that damages will adequately compensate Plaintiff for his alleged injuries. Taking Plaintiff's allegations as true it is clear that he and his medical practice as well as his reputation may have suffered irreparable injury as a result of Defendant's unlawful conduct. As for Defendants' Declaratory Judgment argument this argument also fails because it is not the sole basis for federal jurisdiction.

## CONCLUSION

For the reasons stated above Defendants' motions to dismiss are denied (## 15 and 18). Defendant Maltese's motion for an extension of time to answer or otherwise plead is stricken as moot (Docket # 7-1).

**SO ORDERED**

ENTERED: 12/18/01

HON. RONALD A. GUZMAN
United States Judge